**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DE JESUS ARIAS MARINERO, | No. 14-71409 |
| Petitioner, | Agency No. A072-676-283 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted September 13, 2016**

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Jose De Jesus Arias Marinero, a native and citizen of El Salvador, petitions

pro se for review of the immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture and

thus is not entitled to relief from his reinstated removal order. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Andrade-Garcia v. Lynch*, No. 13-74115, 2016 WL 3924013, at *4 (9th Cir. July 7, 2016), and we review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

We reject Arias Marinero's contentions that the IJ's review was deficient and a violation of due process, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim), and his contention that he was stripped of a right to appeal.

Substantial evidence supports the IJ's conclusion that Arias Marinero failed to establish a reasonable possibility of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.31(c); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected

14-71490

ground.").

Substantial evidence also supports the conclusion that Arias Marinero failed to establish a reasonable possibility of future torture by the government of El Salvador or with its consent or acquiescence. *See* 8 C.F.R. § 1208.31(c); *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**